FILED
2013 May-31  AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. HAGOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-2631-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.    Introduction

The plaintiff, James W. Hagood, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Hagood timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Hagood was twenty-nine years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 65.) He has completed twelfth grade with an occupational diploma. (*Id.*) His past work experiences include employment as a

packager and machine operator. (Tr. at 67.) Mr. Hagood claims disablity as of April 30, 2006, due to asthma and an inability to read. (Tr. at 66.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Hagood meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 15.) He further determined that Mr. Hagood has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's mild mental retardation is considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he

found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (Tr. at 16.) The ALJ did not find Mr. Hagood's allegations to be totally credible and determined that Mr. Hagood has the RFC to perform work at all exertional levels but with the following non-exertional limitations: Plaintiff "is limited to performing simple, routine, repetitive tasks with no reading, writing, or math, occasional public contact, occasional change in work setting, and occasional change in decision-making." (Tr. at 18.)

According to the ALJ, Mr. Hagood is able to perform his past relevant work as a machine operator. (Tr. at 20.) He further found that Mr. Hagood has the ability to perform a significant range of unskilled work, or work that requires a month or less to learn how to perform. (*Id.*) The ALJ used the testimony of a vocational expert ("VE") to decide that there are a significant number of jobs in the national economy substantially similar to Mr. Hagood's past relevant work as a machine operator. (*Id.*) The ALJ concluded his findings by stating that Mr. Hagood "has not been under a disability, as defined in the Social Security Act, from April 30, 2006, through the date of this decision." (*Id.*)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court

scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the hypothetical question that the ALJ posed to the VE failed to include Dr. Estock's determination that Plaintiff would miss 1-2 workdays a month and would require a flexible schedule. Although not directly stated, implicit in Plaintiff's argument is that Dr. Estock's findings should have been included in Plaintiff's RFC, and since the RFC was incomplete, the ALJ's hypothetical question about his capacity to perform past relevant work failed to include all of his limitations. Plaintiff ultimately argues that because the ALJ based his reasoning on the VE's response to an incomplete hypothetical, the disability determination should not stand.

In July 2009, Dr. John Haney, PhD, a consultative examiner, diagnosed Plaintiff with mild mental retardation. (Tr. at 188.) He concluded that "plaintiff's ability to function in most jobs appeared impaired due to intellectual and vocational limitations." (*Id.*) Later that month, Dr. Robert Estock, MD, a nonexamining

psychiatrist, completed a Psychiatric Review Technique ("PRT") and a Mental Residual Functional Capacity Assessment ("MRFCA") for Mr. Hagood. He corroborated a diagnosis of mild mental retardation and found "moderate restriction in activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace." (Tr. at 189, 199.) Dr. Estock concluded that while Mr. Hagood could carry out short and simple instructions, he should have only casual interaction with the general public and should have changes in the workplace gradually introduced. (Tr. at 205.) Finally, Dr. Estock went one step beyond Dr. Haney, opining that Mr. Hagood could benefit from a flexible schedule and could miss 1-2 days of work a month due to his psychological signs and symptoms. (*Id.*) It is this last opinion from Dr. Estock that forms the basis of the present appeal.

At the March 11, 2011 hearing, the ALJ heard the testimony of a VE, Mrs. Patsy Bramlett. (Tr. at 72.) To assess Plaintiff's step four capacity to perform past relevant work, the ALJ questioned Mrs. Bramlett on the ability of a hypothetical person with Plaintiff's attributes to work as either a packager or a plastic mold injector. (Tr. at 73.) In defining the capacity of Plaintiff's hypothetical equivalent, the ALJ used his RFC assessment which ignored the potential absenteeism and need for flexibility found by

Dr. Estock. (*Id.*) Plaintiff argues that had the ALJ included Dr. Estock's findings on "excessive absenteeism and the need for a flexible work schedule," the VE would have reached an opposite conclusion about Plaintiff's ability to perform his past relevant work as a plastic mold injector, because that job and others like it do not allow for absenteeism or scheduling flexibility. (Doc. 8 at 11.) Counsel for Plaintiff raised these issues in his cross-examination of the VE, but the ALJ declined to consider the disputed factors in ruling against the Plaintiff. (Tr. at 74.)

To satisfy the substantial evidence standard, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir 1999). An ALJ may omit from hypothetical questions characteristics or symptoms which are not supported by medical records or are alleviated by medication. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider hypothetical because it was not raised at district court but noting, "[i]n any event, the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"); *Bouie v. Astrue*, 226 F. App'x 892, 895 (11th Cir. 2007) (supporting an ALJ's discrediting of one doctor's assessment because the findings of a second doctor were contrary); *and Allen v. Barnhart*, 174 F.

App'x 497, 499 (11th Cir. 2006) (favorably citing *Crawford*).

Although the question presented in this appeal relates to the hypothetical question posed to the VE, Plaintiff's argument implies that the ALJ's RFC assessment, which is consistent with the hypothetical, is not supported by substantial evidence. The basis for this argument is Plaintiff's contention that the ALJ inappropriately disregarded the opinion of Dr. Estock, a non-examining psychiatrist, regarding Plaintiff's functional non-exertional limitations. (Doc. 9 at 3.) Although Plaintiff only raises the incomplete hypothetical issue on appeal, because the ALJ's RFC dictated the hypothetical posed to the VE, a discussion of the ALJ's RFC determination is necessary to fully evaluate whether the ALJ's hypothetical was appropriate. The Court thus turns to consider whether the ALJ's RFC finding was supported by substantial evidence, including whether appropriate weight was afforded the medical opinions in the record.

The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends upon, among other things, the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, and how consistent the opinion is with the record as a whole. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). The opinion of

a one-time examiner is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (*citing Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)). Similarly, the opinion of a non-examining physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision. *Swindle v. Sullivan,* 914 F.2d 222, 226 n.3 (11th Cir. 1990). However, the ALJ must "state with particularity the weight he gave different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 327 (11th Cir. 1987). An RFC finding with sufficient evidentiary support bolsters the validity of hypothetical questions consistent with it. *Bouie*, 226 F. App'x at 895.

As an initial matter, the Court recognizes that an individual's RFC is an issue that is administrative in nature, not medical. Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *2. The Commissioner decides administrative issues, and the Commissioner's regulations put the ultimate responsibility of determining RFC with the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3), 404.1546(c), 416.927(e)(2), 416.945(a)(3), 416.946(c). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Physician statements are relevant to the ALJ's findings, but not

determinative. *See, e.g.,* 20 C.F.R. § 404.1546(c). Ultimately, the ALJ bears responsibility for assessing a claimant's RFC. *Id.*

Dr. Estock's conclusions about absenteeism and required work-schedule flexibility were arguably not actual limitations on Plaintiff's ability to work, but instead impermissible legal conclusions. Though Dr. Estock filled out a MRFCA for the Social Security Administration, his judgment should not supplant the ALJ's statutory authority to pronounce a final articulation of the RFC. *See, e.g.,* 20 C.F.R. § 404.154(c). Accordingly, the ALJ's decision not to consider facets of Dr. Estock's opinion was arguably within his discretion. Yet even if this were not the case, substantial evidence supports the ALJ's RFC determination and the weight that he gave to Dr. Estock's opinions.

First, the Court notes that although Plaintiff objects to the ALJ's treatment of Dr. Estock's opinions, in reality the ALJ approved the majority of Dr. Estock's findings. Indeed, the ALJ discussed approvingly Dr. Estock's opinions regarding Plaintiff's restrictions on task complexity, contact with the public, and changes in the work setting. (Tr. at 15-20.) That said, to the extent the ALJ disagreed with Dr. Estock's opinions, the ALJ's assessment did not violate the discretionary limits assigned to him by the rules. The ALJ explained the weight he gave to Dr. Estock's

report and supported it with evidence in the record. (Tr. at 19.) Since Dr. Estock acted as a non-treating, non-examining physician, his opinions received a presumptively low degree of deference, particularly as compared to those of Dr. Haney, who saw Plaintiff in person. *See McSwain*, 814 F.2d at 619. As the ALJ noted, Dr. Estock's report presented no compelling evidence that his opinions merited higher deference than the presumptive level. (Tr. at 19.)

With respect to Dr. Estock's opinion that Plaintiff would require periodic absenteeism and work-schedule flexibility, Dr. Estock's report failed to identify objective "signs or symptoms" supporting such limitations. (*Id*.) Dr. Haney's earlier report, upon which Dr. Estock relied, likewise failed to indicate "signs or symptoms" from which Dr. Estock could draw his conclusions. Additionally, Plaintiff did not offer any outside medical evidence to support Dr. Estock's opinions. Thus, the ALJ was reasonable in concluding that Dr. Estock offered his opinions without a medical basis. (Tr. at 19.)

Plaintiff also argues that Dr. Estock's opinions should have been given greater weight because they were consistent with the rest of the record. (Doc. 8 at 10.) Plaintiff misinterprets the legal standard in assuming that the ALJ is bound to adopt uncontradicted opinions. Actually, the ALJ has discretion to reject uncorroborated

medical opinions. *See, e.g.*, 20 C.F.R. § 404.156(c). Although there is some consistency between Dr. Haney's earlier report and the report from Dr. Estock, Dr. Haney's report does not corroborate Dr. Estock's opinion that Plaintiff would periodically be absent from work and need schedule flexibility. As already noted, there is no objective medical evidence in either report supporting such limitations. Thus, the ALJ did not err in rejecting Dr. Estock's findings about Mr. Hagood's need to be absent and have a flexible schedule.

Finding no fault with the weight afforded Dr. Estock's opinions, the Court also finds the ALJ's RFC assessment was reasonable. Further, the Court agrees with the Commissioner that the ALJ had sufficient evidence to support the hypothetical question he posed to the VE. The ALJ's hypothetical, which was consistent with the appropriately determined RFC, included Plaintiff's restrictions on task complexity, contact with others, and setting changes. (Tr. 73, 74.) The ALJ also asked the VE to consider the Plaintiff's age, education, work history, and functional limitations described in the medical reports and supported by the medical evidence. (Tr. 19, 74, 188, 205.) Since Dr. Estock's opinions about absenteeism and scheduling flexibility were unsupported by medical records, the ALJ had discretion to omit them from his hypothetical. *See Ingram*, 496 F.3d at 1270.

IV.     **Conclusion**

Upon review of the administrative record, and considering all of Mr. Hagood's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 31st day of May 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[170956]